United States District Court
Southern District of Texas
**ENTERED**
June 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DANIEL  GUTIERREZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-430 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is the "Defendants' Motion for Summary Judgment,"[1] filed by Defendant State Farm Lloyds ("State Farm") and Defendant Benny Paz ("Mr. Paz") (collectively "Defendants"). Plaintiffs Daniel Gutierrez ("Mr. Gutierrez") and Aurora Gutierrez ("Mrs. Gutierrez") (collectively "Plaintiffs") timely responded to the motion for summary judgment.[2] Additionally, Plaintiffs have filed the self-styled "Plaintiffs Daniel Gutierrez and Aurora Gutierrez's Opposed Verified Motion for Continuance of Defendants' Motion for Summary Judgment,"[3] to which Defendants have responded.[4] Finally, Plaintiffs have filed an unopposed motion to allow Katherine D. Ramsey to withdraw as counsel for Plaintiffs in the instant case.[5] After considering the motions, responses, record, and relevant authorities, the Court **GRANTS** the motion for summary judgment, and **DENIES** the remaining motions.

---

[1] Dkt. No. 37 ("Motion for Summary Judgment").
[2] Dkt. No. 39 ("Response").
[3] Dkt. No. 38 ("Motion for Continuance").
[4] Dkt. No. 41.
[5] Dkt. No. 42.

## I.  Background

Plaintiffs' claims arise from damage sustained to their property as a result of an alleged March 29, 2012 and/or April 20, 2012 hail storm event in Hidalgo County.[6] On or about April 23, 2012, Plaintiffs reported an insurance claim to State Farm.[7] Thereafter, State Farm had the property inspected on May 14, 2012, estimating the amount of loss at $5,409.15.[8] On the same day, State Farm issued a check to Plaintiffs for $2,295.56 after applying recoverable depreciation and deductible.[9] On August 28, 2012, Plaintiffs informed State Farm that the repairs were complete.[10] Thereafter, State Farm released the recoverable depreciation to Plaintiffs in the amount of $2,163.59 on August 30, 2012,[11] and closed Plaintiffs' claim.[12]

On April 19, 2014, Plaintiffs filed the instant lawsuit in state court alleging various insurance related causes of action against Defendants.[13] Subsequently, on June 5, 2014, Defendants removed the case to this Court.[14] On February 3, 2015, Plaintiffs invoked the appraisal provision of the insurance policy at issue,[15] which provides in relevant part:

> If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable

---

[6] Response at ¶ 1.
[7] Dkt. No. 37, Exh. B at p. 2.
[8] *Id.* at p. 3.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] Dkt. No. 37, Exh. B-1 at p. 3.
[13] Response at ¶ 4.
[14] Dkt. No. 1.
[15] Dkt. No. 21, Exh. A.

time, they shall submit their differences to the umpire. Written agreement signed
by any two of these three shall set the amount of the loss.[16]

On February 3, 2015, Plaintiffs filed an opposed motion to abate the case pending
completion of the appraisal process.[17] Thereafter, the Court granted the motion and abated the
case.[18]

Thereafter, on November 18, 2015, State Farm received an appraisal award signed by the
appraisers for both Plaintiffs and State Farm.[19] State Farm then tendered payment of the award to
Plaintiffs on November 24, 2015.[20]  The Court now addresses the instant motions.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is
"no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of
law."[21]  A fact is "material" if its resolution could affect the outcome of the action,[22] while a
"genuine" dispute is present "only if a reasonable jury could return a verdict for the non-
movant."[23]  As a result, "[o]nly disputes over facts that might affect the outcome of the suit
under the governing laws will properly preclude the entry of summary judgment."[24]

In a motion for summary judgment, the movant bears the initial burden of showing the
absence of a genuine issue of material fact.[25] In this showing, "bald assertions of ultimate fact"
are insufficient.[26]  Absent a sufficient showing, summary judgment is not warranted, the analysis

---

[16] Dkt. No. 37, Exh. A at p. 22.
[17] Dkt. No. 21, Exh. A.
[18] Dkt. No. 24.
[19] Dkt. No. 37, Exh. B at p. 3.
[20] *Id*.
[21] FED. R. CIV. P. 56(a).
[22] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc*., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[23] *Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[25] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[26] *Gossett v. Du-Ra-Kel Corp*., 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).

is ended, and the non-movant need not defend the motion.[27] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[28] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[29] This demonstration must specifically indicate facts and their significance,[30] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[31]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[32] Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[33] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[34] Parties may cite to any part of the record, or bring evidence in the motion and response.[35] By either method, parties need not proffer evidence in a form admissible at trial,[36] but must proffer evidence substantively admissible at trial.[37]

---

[27] *See Celotex Corp.*, 477 U.S. at 323.

[28] *See id.* at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).

[29] *See id.*

[30] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[31] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[32] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

[33] *See id.*

[34] *See* FED.R.CIV. P. 56(e).

[35] *See* FED. R. CIV. P. 56(c).

[36] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

[37] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

### III. Discussion

### A. *Motion to Continue Summary Judgment*

As basis for continuance of the Court's consideration of Defendants' motion for summary judgment, Plaintiffs argue that the motion for summary judgment is premature, asserting that insufficient discovery has been completed to allow Plaintiffs to properly respond to the motion for summary judgment.[38] Additionally, Plaintiffs argue that the Court should not rule on the motion for summary judgment until the Texas Supreme Court rules on a question recently certified by the Fifth Circuit in *Cameron Int'l Corp. v. Liberty Ins. Underwriters, Inc. (In re Deepwater Horizon)*, No. 14-331321, 2015 U.S. App. LEXIS 20115 (5th Cir. 2015).[39]

Rule 56(d) provides courts with discretion to defer ruling on a motion for summary judgment or to allow a nonmoving party additional time to obtain further discovery.[40] In order to obtain such relief, however, the nonmovant must show "by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition."[41] In this manner, the nonmovant must set forth "how additional discovery will create a genuine issue of material fact."[42] Relief under Rule 56(d) is not warranted if either (1) the proffered basis does not present a reasonable likelihood that further discovery would produce evidence creating a fact issue,[43] or

---

[38] *See* Motion for Continuance at ¶ 16.
[39] *Id* at ¶ 14.
[40] FED. R. CIV. P. 56(d).
[41] *Id.* (emphasis added).
[42] *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 448 (5th Cir. 2001) (citing Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, 28 F.3d 1388, 1395 (5th Cir. 1994)).
[43] *Beverly v. Wal-Mart Stores, Inc.*, 428 F.App'x 449, 451 (5th Cir. 2011) ("If it reasonably appears that further discovery would not produce evidence creating a genuine issue of material fact, the district court's preclusion of further discovery prior to entering summary judgment is not an abuse of discretion.") (quoting *Resolution Trust Corp. v. Sharif–Munir–Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1993)).

(2) such evidence would not create fact issues for each essential element of the nonmovant's claim.[44]

Here, Plaintiffs attach an affidavit signed by their attorney, Mr. Andrew Taylor, which states "I have read [Plaintiffs' motion for continuance] and the facts stated therein regarding the additional discovery Plaintiffs require in order to fully state their opposition to Defendants' Motion for Summary Judgement are within my personal knowledge and are true and correct."[45] Furthermore, Plaintiffs' motion for continuance more specifically states that the "case was abated . . . before Plaintiffs had an opportunity to secure material testimony from Defendants and/or Defendants' fact and expert witnesses."[46]

Despite Plaintiffs' contentions, the Court finds that Plaintiffs have failed to identify any additional discovery likely to create a fact issue as to each essential element. As Plaintiffs recognize, an appraisal award has already determined the amount of loss in this case.[47] Thus, the Court will discuss the implications of the appraisal award on the breach of contract claim and extra-contractual claims below. In doing so, the Court will specifically address the ineffectiveness of the asserted evidence in creating a fact issue preventing summary judgment.

Similarly, the Court finds Plaintiffs' argument that it should delay ruling on the motion for summary judgment until the Texas Supreme Court rules on a recently certified question is unpersuasive. In the case cited by Plaintiffs, the Fifth Circuit certified the following question to the Supreme Court of Texas:

---

[44] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's cause necessarily renders all other facts immaterial.")

[45] Dkt. No. 38, Attachment 2.

[46] Motion for Continuance at ¶ 16.

[47] *See* Response at ¶ 21. ("The appraisal award issued in this case shows that the amount of Plaintiffs' loss was $28,984.29[.]").

Whether, to maintain a cause of action under Chapter 541 of the Texas Insurance Code against an insurer that wrongfully withheld policy benefits, an insured must allege and prove an injury independent from the denied policy benefits?[48]

Plaintiffs argue that legal injury argument in this case "is the exact issue that is presently pending before the Texas Supreme Court[.]"[49] However, unlike the instant case, the case currently before the Supreme Court is not an appraisal case. Furthermore, in the case cited by Plaintiffs, the insurer was found to have breached the contract at issue. Here, as will be discussed below, Plaintiffs' breach of contract claim fails as a result of State Farm's payment of the appraisal award. Thus, the two cases are distinguishable.

Therefore, on the basis of the standard discussed above, and the reasons more fully set forth below, the Court **DENIES** Plaintiffs' motion to continue Defendants' motion for summary judgment.

### B.  Breach of Contract Claim

Defendants' argument in favor of summary judgment proceeds sequentially to address the claim for breach of contract before the extra-contractual claims, a rubric which the Court finds helpful for the analysis.

Defendants argue that Plaintiffs are estopped for maintaining a breach of contract claim as a matter of law based on State Farm's payment of the appraisal award.[50] Because federal jurisdiction is invoked on the basis of diversity of citizenship, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[51] Absent a decision by a state's

---

[48] *In re Deepwater Horizon*, 807 F.3d 689, 701 (5th Cir. 2015), certified question accepted (Dec. 4, 2015).
[49] Motion for Continuance at ¶ 14.
[50] *See* Motion for Summary Judgment at ¶ 8.
[51] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[52]

Indeed, in Texas, "[t]he effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court."[53]  In breach of contract cases where liability derives from an allegation that the insurer wrongfully underpaid a claim, Texas law dictates that the insured is estopped from maintaining a breach of contract claim when the insurer makes a proper payment pursuant to the appraisal clause.[54]  Accordingly, in the instant case, Plaintiffs are effectively foreclosed from bringing a breach of contract claim due to Defendants' timely payment of the appraisal award, unless Plaintiffs successfully raise an issue of fact as to the validity of the appraisal process, or on some distinct contractual provision.

Here, it is undisputed that State Farm timely responded to the initial claim, and it is undisputed that State Farm paid the appraisal award to Plaintiffs four business days after receiving the award. Nevertheless, Plaintiffs contend that State Farm is still in breach of contract because (1) it failed to include in its initial estimate and payment all covered damages,[55] and because (2) "Plaintiffs have been wrongfully divested of their right to recover replacement cost benefits[.]"[56]

As to the first argument, Plaintiffs assert that the appraisal award issued in this case shows that the storm caused damages to Plaintiffs' property which should have been covered yet

---

[52] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[53] *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Wells v. American States Preferred Ins. Co.,* 919 S.W.2d 679, 683-85 (Tex. App.—Dallas 1996, writ denied)).
[54] *See Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012) (internal quotation marks and citation omitted).
[55] *See* Response at ¶ 21.
[56] *Id.* at ¶ 22.

8 / 13

were not included in State Farm's initial estimate.[57] Thus, Plaintiffs contend their claim is not premised simply on State Farm's failure to properly estimate Plaintiffs' damages but also on State Farm's denial of coverage when such coverage clearly should have been extended.[58] However, an appraisal award resolves the issue of both the amount of loss, and covered damage. Therefore, the Court finds this argument unpersuasive.

As to the second argument, Plaintiffs assert that State Farm is in breach of contract because Defendants will not receive depreciation withheld from State Farm's payment of the appraisal award.[59] The Court is unconvinced by this argument as well.

Under the terms of contract, Plaintiffs must have completed the repairs to the property within 180 days after the date of loss in order to receive withheld depreciation.[60]  Strictly adhering to the terms of the contract, Plaintiff can no longer comply with this provision. Furthermore, the record reflects that State Farm promptly responded to Plaintiffs' initial claim, and Plaintiffs do not allege they ever notified State Farm that they were dissatisfied with the handling of their claim prior to filing the instant suit on April 19, 2014.  Thus, through Plaintiffs' own inaction, it is impossible to comply with this provision of the contract. The Court fails to see how State Farm is in breach of contract simply by adhering to the terms of the contract. Therefore, the Court finds Plaintiffs' second argument unpersuasive as well.

Accordingly, the Court finds that the existence, timely payment, and acceptance of the binding and enforceable appraisal award estops Plaintiffs from asserting their breach of contract claim, and that summary judgment as to this claim is appropriate.

---

[57] *Id.* at ¶ 21.
[58] *Id.*
[59] *Id.* at ¶ 22.
[60] Dkt. No. 37, Exh. A at p. 22.

### C.  Extra-Contractual Claims

Plaintiffs' original state court petition alleges extra-contractual claims against State Farm for (1) committing violations of Chapters 541 and 542 of the Texas Insurance Code; (2) engaging in fraud and conspiracy to commit fraud; and (3) breaching the common law duty of good faith and dealing.[61]  Additionally, Plaintiffs allege extra-contractual claims against Mr. Paz for committing violations of Chapters 541 of the Texas Insurance Code and engaging in fraud and conspiracy to commit fraud.[62]  The Court commences its analysis of these claims by recognizing the principle that "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."[63]  The exceptions to this rule are the insurer's (1) failure to timely investigate the insured's claim or (2) commission of "some act, so extreme, that would cause injury independent of the policy claim."[64]

Defendants generally argue that Plaintiffs cannot maintain any extra-contractual causes of action because State Farm timely investigated Plaintiffs' claim and timely tendered the appraisal award.[65]  Moreover, Defendants contend that Plaintiffs cannot succeed on their extra-contractual claims because they are derivatively precluded by Plaintiffs' defunct breach of contract claim.[66]  Lastly, Defendants argue Plaintiffs fail to allege facts that would give rise to an independent injury claim.[67]

### i.  Bad Faith Claims

In Texas, the common-law bad faith standard for breach of the duty of good faith and fair dealing is imputed to statutory liability under the Texas Insurance Code; both extra-contractual

---

[61] *See* Dkt. No. 1, Attachment 2.
[62] *Id.*
[63] *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994)).
[64] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).
[65] Motion for Summary Judgment at ¶15.
[66] *Id.* at ¶ 13.
[67] *Id.*

claims share the same predicate for recovery, such that evidentiary insufficiency is equally dispositive.[68]  Relevant to the disposition of this case, the Texas Supreme Court has held that an insured's bad faith claims must fail as a result of the Court's resolution of the breach of contract claim in the insurer's favor, unless the insured can demonstrate actions or omissions that caused an injury independent of those that would have resulted from the wrongful denial of the policy benefits.[69]

To the extent Plaintiffs even sufficiently alleged extra-contractual claims in their original petition, the bad-faith causes of action relate solely to Defendants' investigation and handling of Plaintiffs' policy claim, and Plaintiffs do not allege that these claims extend beyond the coverage dispute.  Thus, far from providing evidence creating a genuine issue of material fact on these claims, Plaintiffs have failed to even allege an action which would constitute an independent injury.  Accordingly, the Court **GRANTS** summary judgment in Defendants' favor on Plaintiffs' common-law and statutory claims of bad faith.

### ii. Prompt Payment of Claims

Similarly, Plaintiffs brought a claim under Chapter 542 of the Texas Insurance Code against State Farm for its alleged failure to timely pay Plaintiffs' claims. In Texas, courts have constantly held that "full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law."[70] Here, it is undisputed that State Farm timely issued payment of the appraisal award.[71]

---

[68] *See Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied); *Texas Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, review denied) (citing *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922–23 (Tex. 2005) (per curiam)).

[69] *Great Am. Ins. Co. v. AFS/IBEX Fin. Services, Inc.*, 612 F.3d 800, 808 n.1 (5th Cir. 2010) (internal citation omitted).

[70] *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App.—Houston [14th Dist.] 2010, no pet. h.) (collecting cases), *overruled on other grounds*, *In re Cypress Texas Lloyds*, No. 14-11-00713-CV, 2011 WL 4366984, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2011, no pet. h.) (mem. op.).

[71] Motion for Continuance at ¶ 6 ("State Farm tendered the award timely to Plaintiffs[.]").

Additionally, the record reflects that State Farm received no notice of Plaintiffs' displeasure with Defendants' management of the claim until the lawsuit was filed. Thus, because Plaintiffs have failed to allege an action which would constitute a violation independent of the now-resolved payment dispute, the Court **GRANTS** summary judgment in State Farm's favor on this claim as well.

### iii. Fraud & Conspiracy

Lastly, Defendants pray that the Court dismiss all the remaining claims as a matter of law, as they are derivative of Plaintiffs' defunct breach of contract claim.[72]  To the extent these allegations even properly state a claim, Defendants have sufficiently showed the absence of a genuine issue of material fact by proffering evidence of proper completion of the appraisal process and timely tendering payment.  In contrast, Plaintiffs have failed to offer evidence to the contrary.  As a result, the Court **GRANTS** summary judgment in favor of Defendants as to Plaintiffs' fraud and conspiracy claims.

### IV. Holding

For the foregoing reasons, Plaintiffs' motion for continuance of Defendants' motion for summary judgment is **DENIED**.  In turn, Defendants' motion for summary judgment is **GRANTED** in its entirety and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. Moreover, Plaintiffs' motion to allow Katherine Ramsey to withdraw as attorney for Plaintiffs is

---

[72] Motion for Summary Judgment at ¶ 18.

**DENIED** as moot. Finally, the Court reserves the right to address Rule 11 issues. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of June, 2016.

_____
Micaela Alvarez
United States District Judge